### BAYLIS v. SCHWALBACH CYCLE CO.

*(City Court of Brooklyn, General Term.* June 22, 1891.)

MASTER AND SERVANT—ASSAULT BY SERVANT—LIABILITY OF MASTER.

One D., after using for 50 minutes a tricycle which he had hired from defendant corporation for one hour, turned the machine over to one K. Afterwards K. turned it over to plaintiff, who returned it to defendant's store. One S., an employe of defendant at the store, demanded $4.15 from plaintiff for the use of the tricycle. Plaintiff paid all the money he had, which was $2.15, but S. refused to allow him to go away, and several times struck and kicked him. It did not appear precisely what the duties of .S. were. *Held*, that the question whether S. was acting within the scope of his authority, so as to render defendant liable for the assault and battery, was properly submitted to the jury.

Appeal from trial term.

Action by Frank Baylis, an infant, against the Schwalbach Cycle Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Dailey & Bell,* for appellant,   *A. Simis, Jr.,* for respondent.

CLEMENT, C. J. On July 20, 1890, Walter C. Denike hired a tricycle from the defendant at its store in Bedford avenue for one hour. The charge was $1, and Denike paid on account 60 cents. He turned over the machine, after using it for 50 minutes, to one Kingston, who rode upon it to Coney Island, and he then turned it over to plaintiff, who took it back to the store of defendant. When plaintiff reached the store, he met Alexander Schwalbach on the sidewalk, who told plaintiff to go inside of the store and sit down. Schwalbach demanded $4.15 of the plaintiff for the use of the cycle, and would not allow him to leave the store until it was paid. The plaintiff paid $2.15, which was all the money he had, and afterwards his father paid the balance, $2. While plaintiff was detained, Schwalbach struck plaintiff a dozen times, and kicked him. When the father arrived, the plaintiff's nose was bleeding, and his face was bruised. It was admitted in the answer that Schwalbach was in the employ of the defendant, but there was no direct testimony as to his duties. The defendant offered no testimony at the trial. It would appear, by inference from the case, that Schwalbach was in charge of the store of the defendant when the plaintiff returned the machine, and had a right to demand of the plaintiff pay for its use. The fact that the plaintiff did not hire the cycle would not prevent the defendant from collecting a charge for its use, certainly for the time that the plaintiff did use it. It follows that Schwalbach, while in charge of the store, in endeavoring to collect money due the defendant, detained the debtor, and, while so detained, brutally assaulted him. Corporations act by their officers and employes, and when an employe, in the discharge of his duties, makes a mistake, and exceeds his powers, the employer is liable if he acts in the line of his duty. In this case the employe received $4.15, and the presumption is that he turned over the money to the defendant. In other words, the defendant has received the money which was extorted from the plaintiff, and its officers were not called to prove that the same was received without their knowledge as to the method of collection, or to prove that the defendant offered to return the money when knowledge came to them. We think that the plaintiff made out a case which, unexplained, required the submission of the same to the jury. In *Lynch* v. *Railroad Co.*, 90 N. Y. 77, 86, Judge EARL says: "It matters not that he exceeded the powers conferred upon him by his principal, and that he did an act which the principal was not authorized to do, so long as he acted in the line of his duty, or, being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain, to that service." It is true in that case that the employe was authorized to detain a passenger until

he gave up his ticket, but he was not authorized to arrest or to make a complaint at the police station.   In the case before us the employe was authorized to collect money for his employer in its place of business, and while so doing overstepped his authority.   He collected the money, and paid the same to his employer, the defendant, without objection on the part of its officers to the method of collection.   Judgment and order denying a new trial affirmed, with costs.